**Cemini Estate**

*Rudolph W. DeStefano*, for accountant.

*Quinlan, Ozorowski* and *Brandschain*, for Commonwealth of Pennsylvania.

*Fox* and *Fox*, for claimants.

TAXIS, P. J., January 29, 1960.—Commonwealth of Pennsylvania has submitted a claim against the estate for maintenance of Frank Cemini, son of decedent, at the Norristown State Hospital in the amount of $481.50, due up to date of death of decedent on November 5, 1958. There is no dispute that this son was maintained by the Commonwealth in the institution named, and the amount itself is admittedly correct.

The son objects to the claim being allowed out of the estate because, he asserts, he is primarily liable and financially able to pay, whereas the estate is only secondarily liable. His own testimony, however, is fatal to this contention, for it shows that his only income is a permanent disability pension from the Federal Government for the loss of an arm in the second world war, that he has no assets and that he is in debt to the extent of $600 or $700. The pension, of course, is not subject to attachment for his debts. Evidence submitted at the two hearings, January 8, 1960, and January 15, 1960, therefore clearly establishes, and I so find, that Frank Cemini is insolvent and unable to pay for the care and maintenance as claimed.

Decedent in his will made five specific legacies totalling $3,600, and, since there are insufficient funds to pay these legacies in full, they must abate proportionately . . .

The Commonwealth also makes claim against Frank Cemini for Frank Cemini's pro rata share of his legacy

in part payment for care and maintenance provided him at the Norristown State Hospital subsequent to the date of death of this decedent. Although a statement of the claim, certified to by the fiscal agent of the Department of Revenue at Norristown State Hospital, was submitted at the audit and the accuracy of the claim as itemized was not disputed, the legatee objected to having his legacy awarded the Commonwealth on account of the claim, and I am of the opinion that his objection is well taken and must be sustained, in the absence of an attachment of the legacy. In such a situation, the Commonwealth is in no better position to demand a legatee's share than is any other common creditor. The claim of the Commonwealth of Pennsylvania, Department of Revenue, to the legacy of Frank Cemini, is therefore refused.

However, nothing in the foregoing is to be construed to mean that Frank Cemini is to be paid the pro rata share of the said legacy. To so hold would be to require the other legatees, his brothers and sisters, to contribute toward his support, a duty as was said in Boles' Estate, 316 Pa. 179 (182), is not imposed upon them by statute or by common law.

"It is immaterial that the son had no property until the father died, because the son has always been liable whether he had property or not. The orphans' court applies equitable principles, and, having jurisdiction of the fund and of all the parties, has the power by subrogation (Williamson's App., 94 Pa. 231) to decree reimbursement to the father's estate of so much of the son's interest as will repay the amounts awarded to the State . . . on account of the obligation of the son."

Accordingly, the said Frank Cemini will not participate in this distribution. . . .

And now, January 29, 1960, this adjudication is confirmed nisi.